[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 STATEMENT OF THE CASE
The plaintiff is the administrator of the estate of Efren Torres. Mr. Torres was killed in a violent motor vehicle accident which occurred on August 19, 1995 in New Haven. He and another person, also killed in the accident, were passengers in a vehicle owned and operated by one Elvis Williams. The Williams' vehicles had no contact with any other vehicle but literally was wrapped around a pole, suggesting it was proceeding at a high rate of speed.
The plaintiff seeks to recover from the defendant, Ernest Newton, permittee of a cafe where it is alleged Williams was served alcoholic beverages while intoxicated. The complaint is in two counts, one pursuant to section 30-102 of the General Statutes, the Dram Shop Act, and the other alleging reckless misconduct in serving Williams large quantities of alcoholic beverages while he was intoxicated and in not preventing him from driving while intoxicated.
 I
As for the negligence count alleging reckless misconduct, our Supreme Court has addressed this issue. As recently as 1990, inQuinnett v. Newman, 213 Conn. 343, the court concluded that no action for common law negligence may be allowed because of the enactment of the Dram Shop Act, Section 30-102. The court's decision in that case states that an action under that section is the exclusive remedy for damages incurred as a result of the sale of alcohol to an intoxicated person. Judgment must enter for the defendant on the second count. CT Page 10231
 II
To establish liability on the part of the defendant, the plaintiff called Elvis Williams as a witness. He stated he had been drinking at the defendant's cafe immediately prior to the accident. He claimed he had consumed two and a half bottles of beer and denied he was intoxicated. However, his blood alcohol level at the hospital after the accident was .13 — over the legal limit for intoxication of .10.
He was operating his vehicle without its lights on shortly after midnight. To cause the damages his vehicle did incur, he had to be operating on a city street at high speeds. Officer Kelly Turner estimated 70 to 75 miles per hour was his speed. Williams told and emergency worker at the scene he was going over 100 miles per hour.
While he did not appear intoxicated to the police officer, the court concludes that he was and that he became intoxicated at the defendant's cafe. A pre-trial affidavit furnished to the plaintiff by Williams supports this conclusion. In this affidavit and in his testimony, Williams stated he went from his residence to the defendant's cafe, arriving about 11:15 p. m. and did not drink elsewhere. He left just prior to the accident, at about 20 minutes after midnight.
From this and the other evidence produced, the court concludes that Elvis Williams was served alcoholic beverages while he was intoxicated, that his intoxication was the proximate cause of the accident, and that the deceased died as a result of the accident.
Judgment may enter for the plaintiff on the first count.
 III
On the issue of damages, the court notes that the estate presented hospital and ambulance bills totaling $5,689.31. Funeral expenses were $2,363.68. The deceased survived the accident but died at Yale-New Haven Hospital of multiple fatal injuries. Were this not a statutory cause of action with limited recovery proscribed, judgment could easily run into six figures. This was a 36-year-old male who had been employed.
On these facts alone, the court awards damages for the statutory maximum of $20,000 plus taxable costs. CT Page 10232
Anthony V. DeMayo Judge Trial Referee